# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH DAKOTA

LEXINGTON, OK. 73051
BI-112 JHCC PO BOX 548
DAVID BRIAN MORGAN, ET. AL.

PLAINTIFF'S

ERNEST DRAPER 97612  B1-111
ERIC LUCAS 288369  B1-211
ERNEST MONCADA  B2-115  113 552
DANNY ARMSTRONG 89484  D2-217

CLEVE BULLINGS 133458  B1-111
MARK SCHEMM 696859  E1-101
LUTHER BARNETT 82262  B1-118
KENNETH JOHNSON 106824  B2-211

V

UNITED STATES, ET. AL.
DEFENDANTS
FEDERAL BUREAU OF INDIANS
FEDERAL BUREAU OF PRISONS
UNITED STATES ATTORNEY GENERAL

OKLAHOMA ATTORNEY GENERAL
STATE OF OKLAHOMA
GOVERNOR STATE OF OKLAHOMA
OFFICIAL CAPACITY
UNOFFICIAL CAPACITY

**CONTRACT**: THAT CONTAINS A VALID AND REASONABLE FORUM SELECTION OR VENUE SELECTION

CIVIL CASE
No  19-4028

THE FEDERAL QUESTION IS; DID THE STATE OF OKLAHOMA HAVE JURISDICTION IN INDIAN COUNTRY?
**NO**

DID THE FEDERAL GOVERNMENT KNOW AND SIMPLY LOOK THE OTHER WAY?
**YES**

## MOTION TO FILE A CLASS ACTION LAWSUIT UNDER 28 U.S.C. § 1332 (D) (EN BANC)

FEDERAL DISTRICT COURTS HAVE ORIGINAL JURISDICTION OVER ANY CIVIL ACTION WHERE THE AMOUNT IN CONTROVERSY EXCEEDS 5,000,000, PLAINTIFF'S EXCEEDS 8,000,000

SEE SWEDEN V STATE, 172 P.2D 432, 435 (OKLA. CRIM. APP. 1946); THE BURDEN OF ESTABLISHING JURISDICTION IN THE PROSECUTION RESTS WITH THE STATE AS THE PARTY BRINGING THE PROSECUTION, THE STATE HAS THE BURDEN TO SHOW THAT THE COURT IN WHICH IT WISHES TO LITIGATE HAS JURISDICTION OVER THE CASE; THE BURDEN IS UPON THE STATE TO PROVE THE GUILT OF THE DEFENDANT BEYOND A REASONABLE DOUBT, AND THIS INCLUDES THE PROVING OF VENUE AND ALL OTHER ESSENTIALS NECESSARY TO SHOW JURISDICTION AND SUSTAIN A JUDGMENT OF CONVICTION

• SEE, WORCESTER V GEORGIA, WORCESTER'S CONVICTION IS VOID, BECAUSE STATES HAVE NO CRIMINAL JURISDICTION IN INDIAN COUNTRY. 31 U.S. 515 8.L.ED. 843 (1832).
WE OKLAHOMA NINE STATE THE STATE OF OKLAHOMA HAS HELD ALL OF US ILLEGALLY AS THEY CLEARLY HAD NO JURISDICTION IN INDIAN COUNTRY AND, IF ANY PART OF THE CRIME OCCURRED IN INDIAN COUNTRY JURISDICTION BELONGS TO THE FEDERAL GOVERNMENT. SEE, UNITED STATES V VANCHASE, 137 F.3D 579 (8TH CIR. 1998).

SEE, MAGNAN V TRAMMELL, 719 F.3D 1159 (10TH CIR. 2013), THE OCCA HAD ERRED IN CONCLUDING OKLAHOMA HAD JURISDICTION OVER THE CASE. Id AT 1160-61, 1164. WE HELD THE CRIME OCCURRED IN INDIAN COUNTRY, MAKING JURISDICTION EXCLUSIVE FEDERAL.

Congress also provided that beginning in 1898, the United States Courts would have "original and exclusive jurisdiction" over both civil and criminal cases in the Indian Territory 30 Stat. at 83. The laws of the United States and of neighboring Arkansas, which were already in force in the Indian Territory, which would apply "to all persons therein," "irrespective of race." Id.

Oklahoma Enabling Act, ch. 3335, 34 Stat. 267 (June 16, 1906), the final statute the State of Oklahoma relies on, Congress did not dissolve the Creek Government. (1) No hallmarks of disestablishment or diminishment.

Indian Country, as defined by Congress in 1948 (18 U.S.C. § 1151), is "all land within the limits of any Indian reservation under the jurisdiction of the United States government, notwithstanding the issuance of any patent, and including rights-of-way running through the reservation.
    All dependant Indian communities within the borders of the U.S. whether within the original or subsequently acquired territory thereof, and whether within or without the limits of a State.
    All Indian allotments, the Indian titles to which have not been extinguished, including rights of way running through the same.

SEE, UNITED STATES V PRENTISS, 256 F. 3D 971 (10TH CIR. 2001)(EN BANC), THE INDIAN-NON INDIAN STATUS OF THE VICTIM MUST BE ALLEGED IN THE INDICTMENT AND PROVED AT TRIAL.

SEE, MAJOR CRIMES ACT, THE INDIAN STATUS OF THE DEFENDANT ALWAYS MUST BE PLEADED AND PROVED AS AN ELEMENT OF THE CRIME.

SEE, UNITED STATES V VAN CHASE, 137 F. 3D 579 (8TH CIR. 1998), JURISDICTION IS SUFFICIENT UNDER THE MAJOR CRIMES ACT IF ANY PART OF THE OFFENSE TOOK PLACE IN INDIAN COUNTRY.

A FELONY UNDER SECTION 661 OF THIS TITLE WITHIN INDIAN COUNTRY, SHALL BE SUBJECT TO THE SAME LAW AND PENALTIES AS ALL OTHER PERSONS COMMITTING ANY OF THE ABOVE OFFENSES, WITHIN THE EXCLUSIVE JURISDICTION OF THE UNITED STATES.

THE STATE OF OKLAHOMA DID NOT FOLLOW ANY OF THESE LAWS WHEN ARRESTING, SENTENCING AND HOUSING IN STATE REFORMATORY THE OKLAHOMA NINE SENTENCES ARE ALL INVALID AND ILLEGAL.

- SEE, STATE V LITTLECHIEF, OCCA 573 P.2D 263 (1978), THE FEDERAL GOVERNMENT STILL HAS EXCLUSIVE JURISDICTION OVER INDIAN COUNTRY LOCATED WITHIN OKLAHOMA BOUNDARIES.

- THE OKLAHOMA 9 ALL STATE A CIVIL RIGHTS CLAIM AGAINST THE FEDERAL GOVERNMENT FOR FAILURE TO PROTECT US FROM THE STATE OF OKLAHOMA WHOM FOR OVER HUNDRED YEARS HAS NOT HELD JURISDICTION IN INDIAN COUNTRY AND SIMPLY USURP THE CONSTITUTION, THE SUPREME COURT, AND THE RULE OF LAW.

- SEE, THE RULE OF LAW: IT IMPLIES THAT EVERY CITIZEN IS SUBJECT TO THE LAW, INCLUDING LAW MAKERS THEMSELVES.

THE RULE OF LAW, IS MORE THAN A MATTER OF DUE PROCESS, THE RULE OF LAW IS AN ENABLER OF JUSTICE AND DEVELOPMENT.

THESE OATHS AFFIRM THAT THE RULE OF LAW IS SUPERIOR TO THE RULE OF ANY HUMAN LEADER.

" EVERY PERSON WHO, UNDER COLOR OF ANY STATUTE, ORDINANCE, REGULATION, CUSTOM OR USAGE, OF ANY STATE OR TERRITORY, OR THE DISTRICT OF COLUMBIA, SUBJECTS, OR CAUSES TO BE SUBJECTED, ANY CITIZEN OF THE UNITED STATES OR OTHER PERSON WITHIN THE JURISDICTION THERE OF TO THE DEPRIVATION OF ANY RIGHTS, PRIVILEGES, OR IMMUNITIES SECURED BY THE CONSTITUTION AND LAWS, SHALL BE LIABLE TO THE PARTY INJURED IN AT ACTION AT LAWSUIT IN EQUITY.

- (4) SEE, INDIAN COMMERCE CLAUSE OF THE UNITED STATES CONSTITUTION GRANTED CONGRESS "PLENARY AND EXCLUSIVE" POWER TO LEGISLATE IN RESPECT TO THE INDIAN TRIBES

- (5) SEE, CRAVATT V STATE, 825 P.2D 277, 279 (OCCA 1992) [Q]UITE SIMPLY THE STATE OF OKLAHOMA DOES NOT HAVE JURISDICTION OVER CRIMES COMMITTED BY OR AGAINST AN INDIAN IN INDIAN COUNTRY WHETHER THE MAJOR CRIMES ACT APPLIES DOES NOT DEPEND ON WHETHER THE VICTIM IS AN INDIAN, SEE 18 U.S.C. § 1153(A) REACHING CRIMES AGAINST AN INDIAN " OR OTHER PERSON " IRRESPECTIVE OF RACE".

THE OKLAHOMA NINE ALL ALLEGE THEY ARE INDIAN, THEIR CRIMES WERE ALL COMMITTED IN INDIAN COUNTRY, AND ALL CHARGES WERE COMMITTED UNDER THE MAJOR CRIMES ACT, MAKING JURISDICTION WITHOUT QUESTION TOTALLY FEDERAL EXCLUSIVE OF ANY STATE OF OKLAHOMA JURISDICTION.

- IN SUPPORT OF ABOVE:
SEE, MERRELL DOW PHARMACEUTICALS INC. V THOMPSON, JUSTICE BRENNAN STATES; FEDERAL COURTS ARE MUCH MORE ADEPT AT INTERPRETING AND APPLYING FEDERAL LAW, AND MORE LIKELY TO CORRECTLY UNDERSTAND CONGRESS' INTENTIONS EN ACTING LEGISLATION THAN ARE STATE COURTS.

SEE, STATE V BURNETT, SIMPSON, JACKSON APPELEES, 671 P. 2D 1165 1983 OK CR 153 NOS 5-83-3 NOV 7, 1983. STATE DISTRICT COURT LACKED JURISDICTION OVER FIRST-DEGREE MURDER CHARGE WHERE CRIME OCCURRED AT RESIDENCE OF VICTIM ON RESTRICTED OSAGE INDIAN ALLOTMENT LAND AND THUS OCCURRED IN INDIAN COUNTRY OUTSIDE THE JURISDICTION OF THE STATE COURT 18 U.S.C.A. § 1151(c).

ACCORDING TO JUDGE CORNISH IN STATE V BURNETT, THE ISSUE ON THIS RULE 6 APPEAL IS WHETHER RESTRICTED OSAGE ALLOTMENT LAND IS INDIAN COUNTRY UNDER FEDERAL LAW, WE FIND THAT IT IS.

SEE, UNITED STATES V PELICAN, 232 U.S. 442 34 S. CT. 396, 58 L. ED. 676 (1914).

SEE, UNITED STATES V RAMSEY, 271 U.S. 467 46 S. CT. 559, 70 L. ED. 1039 (1926).

SEE, C.M.G. V STATE, 594 P. 2D 798 (OKLA CR APP 1978).

INEFFECTIVE ASSISTANCE OF COUNSEL, STRICKLAND V WASHINGTON, 466 U.S. 668 (1984) DISCUSSING PERFORMANCE AND PREJUDICE. THE OKLAHOMA 9 ALL CLAIM I.A.C. AS NONE OF OUR STATE APPOINTED ATTORNEYS RAISED INDIAN COUNTRY OR MAJOR CRIMES ACT, NOR DID THEY CONVENE A FEDERAL GRAND JURY TO DETERMINE JURISDICTION. OUR POSITION IS THEY, THE STATE OF OKLAHOMA AND THE COURTS ARE PART OF 100 YEARS OF COLLUSION AND CORRUPTION AND COVER UP.

STRICKLAND V WASHINGTON QUALIFIES AS CLEARLY ESTABLISHED FEDERAL LAW, AS DETERMINED BY THE SUPREME COURT OF THE UNITED STATES.

- (1) SUPPORT OF CLAIM, SEE BROWN V UNITED STATES, CIV-390-W-2018 DOCUMENT 17 PAGE 5 WESTERN US DISTRICT COURT OKLAHOMA, STATES MURPHY CASE DOES NOT STAND FOR A NEW PRONOUNCEMENT, THAT THE FEDERAL GOVERNMENT HAS JURISDICTION OVER CRIMES COMMITTED BY INDIANS IN INDIAN LANDS AS THAT WAS ALREADY THE LAW PURSUANT TO THE MAJOR CRIMES ACT. HOWEVER PETITIONER IS TIME BARRED DUE TO AEDPA, WHICH PETITIONER WAS SENTENCED 19 YEARS BEFORE AEDPA BECAME LAW AND ACCORDING TO WALLACE V STATE, 935 P.2D 366, 372 (OKLA COURT OF CRIM APP.) (1997), IN OKLAHOMA ISSUES OF SUBJECT MATTER JURISDICTIONS ARE NEVER WAIVED.

- (2) SEE, MAGNAN V STATE, 207 P.3D 397, 402 (OCCA 2009) CONSIDERING INDIAN COUNTRY JURISDICTIONAL CHALLENGE AND EXPLAINING SUBJECT MATTER JURISDICTION MAY BE CHALLENGED AT ANYTIME.

- (3) SEE, MONTANA V BLACKFEET TRIBE, THE COURT RULED CONGRESS HAS THE AUTHORITY TO DEFINE "INDIAN COUNTRY" BROADLY AND TO EXCLUDE STATE JURISDICTION WITHIN THE DEFINED AREA.

- Congress expressly delayed any plans to terminate the tribes, and provided that the tribal governments are hereby continued in full force and effect, see the Five Tribes Act. In 1906 Congress extended the Creek Government's existence; it has enjoyed continuous and uninterrupted existence, which only Congress can disestablish or diminish.

- See, as support of above:
  Indian Country U.S.A. & Muscogee Creek Nation v Oklahoma ex. rel. Tax Commission, 829 F.2d 967 (10th Cir. 1987), cert. denied 487 U.S. 1218 (1988), where we recognized the Creek Reservation still exists.

- See, State v Murphy, (Carpenter v Murphy (10th Circuit 2017 Aug)) the absence of statutory language in any of these acts disestablishing the Creek Reservation/Five Civilized Tribes borders leads us to conclude the State has failed at the first and most important step, see Parker, 136 S. Ct. at 1080. In fact, the Step One evidence shows Congress recognized the existence of the Creek Nation's borders, and the State of Oklahoma's attempts to shift the inquiry into questions of title and governance are unavailing.

- See, Lonewolf v Hitchcock, 187 U.S. 553 (1903), only Congress can disestablish or diminish a reservation

- WE DO NOT SEE WHERE THE SUPREME COURT GOT IT WRONG IN SEYMOUR V WASHINGTON STATE PENITENIARY, 368 U.S. AT 352, 54; UNDER § 1151(A) ALL LANDS WITHIN THE BOUNDARIES OF A RESERVATION HAVE INDIAN COUNTRY STATUS, MAKING JURISDICTION ONLY FEDERAL.

- AND YET AGAIN IN NEBRASKA V PARKER, 136 S. CT. 1072, 1078 (2016), THE SUPREME COURT UNANIMOUSLY RECOMMITTED TO THE WELL SETTLED "SOLEM FRAMEWORK, THE COURT HELD CONGRESS DID NOT DIMINISH THE OMAHA INDIAN RESERVATION IN NEBRASKA AND THAT THE LAND AT ISSUE REMAINED PART OF THE RESERVATION, Id. AT 1082. THE COURT REITERATED THAT ONLY CONGRESS CAN DIVEST LAND OF ITS RESERVATION STATUS", "AND ITS INTENT TO DO SO MUST BE CLEAR". Id. AT 1078-1079.

AND LIKEWISE, HERE IN OKLAHOMA NO STATE PROOF OF CLEAR AND CONCISE CONGRESSIONAL DIMINISHMENT OF THE FIVE CIVILIZED TRIBES BORDERS.

THE SUPREME COURT HAS EXPLAINED THAT EVEN WHEN A STATE'S EXERCISE OF JURISDICTION (LIKE OKLAHOMA DOES), GOES UNQUESTIONED, LANDS RETAIN THEIR INDIAN COUNTRY STATUS UNTIL CONGRESS DECIDES OTHERWISE.

WE NOW SHOW THE SMOKING GUN SEE, OKLAHOMA CONSTITUTION, WHICH HAS NEVER BEEN REPEALED;

THE PEOPLE INHABITING THE STATE DO AGREE AND DECLARE THAT THEY FOREVER DISCLAIM ALL RIGHT AND TITLE IN OR TO ANY UNAPPROPRIATED/UNALLOCATED PUBLIC LANDS LYING WITHIN THE BOUNDARIES THEREOF, AND TO ALL LANDS LYING WITHIN SAID LIMITS OWNED OR HELD BY ANY INDIAN, TRIBE, OR NATION; AND THAT UNTIL THE TITLE TO ANY SUCH PUBLIC LAND SHALL HAVE BEEN EXTINGUISHED BY THE UNITED STATES, THE SAME SHALL BE AND REMAIN SUBJECT TO THE JURISDICTION, DISPOSAL, AND CONTROL OF THE UNITED STATES.

IN MAY 1986, AUTHORED BY JUSTICE MILLER, THE SUPREME COURT RULED THAT THE MAJOR CRIMES ACT WAS CONSTITUTIONAL AND, THEREFORE, THE FEDERAL GOVERNMENT HAD EXCLUSIVE JURISDICTION. HE HELD IT WAS NECESSARY SINCE INDIANS WERE WARDS OF THE UNITED STATES IN KAGAMA.

- VENUE, MAYBE CONSTITUTIONALLY PERMISSIBLE EVEN IF AN INDIVIDUAL WAS NEVER PERSONALLY PRESENT IN THE RELEVANT STATE: BURTON V UNITED STATES, 196 U.S. 283 (1905).

- IN UNITED STATES V JOHN, 437 U.S. 634 (1978), THE SUPREME COURT REJECTED AN ARGUMENT BY THE STATE OF MISSISSIPPI THAT THE FEDERAL GOVERNMENT'S FAILURE TO ASSERT ITS JURISDICTION HAD MADE THE STATE'S EXERCISE OF JURISDICTION PROPER.

THE OKLAHOMA NINE REITERATE THEIR CRIMES WERE COMMITTED IN INDIAN COUNTRY, THAT ALL OF OUR CRIMES FALL UNDER THE MAJOR CRIMES ACT, WE ARE ALL INDIANS. THE STATE OF OKLAHOMA FAILED TO ALLEGE IN THE INDICTMENT THE INDIAN-NON INDIAN STATUS OF THE VICTIM, WHICH THEY MUST DO. THEY ALSO FAILED UNDER THE MAJOR CRIMES ACT TO DETERMINE THE INDIAN STATUS OF THE DEFENDANTS AS MUST BE PLEADED AND PROVED AS AN ELEMENT OF THE CRIME. UNDER VAN CHASE IF ANY PART OF THE OFFENSE TOOK PLACE IN INDIAN COUNTRY THE CASE IS UNDER FEDERAL JURISDICTION ONLY.

FINALLY, THE CREEK NATION CONVICTED A NON NATIVE OFFENDER ON NOV 4, 2018, BY EXERCISING THE SOVERIGN POWER TO PROSECUTE DOMESTIC VIOLENCE CRIMES, SHOWING ONCE AGAIN NO STATE OF OKLAHOMA JURISDICTION WITHIN INDIAN COUNTRY

The Plaintiff's have no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff's have been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declatory and injunctive relief which Plaintiff's seeks.

Prayer for Relief:

Wherefore, Plaintiff's respectfully prays that this court enter judgment granting Plaintiff's.

I   A declaration that the acts and omissions described herein violated Plaintiff's rights under the U.S. Constitution and laws of the United States.

II  Compensatory damages in the amount of $193,245^{29}$ against each defendant, jointly and severally.

III Punitive damages in the amount of $991,937^{51}$ against each defendant, jointly and severally. The defendants "actions" were motivated by evil motive or intent See, Siggers-El v Barlow, 433 F. Supp. 2D 811 (E.D. Mich. 2006).

IV  A jury trial on all issues triable by jury

V   Any additional relief this court deems just, proper and equitable.

I have read the foregoing complaint and hereby verify that the matters alleged therein are true.

(X) David B Morgan for Oklahoma 9 et. al.
David B. Morgan
JHCC B1-112   Lek, OK
PO Box 548    73051



David Brian Morgan Jacc
PO Box 548 637673
B1 112
Lexington, Okla. 73051

United States District Court
For District of South Dakota
United States Courthouse, Room 128
400 S. Phillips Avenue
Sioux Falls, SD. 57104

LEGAL MAIL
SD 2-4-19

